■ In the Matter of PRINCESS CC. and Others, Alleged to be Abused Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; WILLIAM CC., Respondent.—Mikoll, J. Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered April 17, 1985, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's two daughters to be abused children.

In December 1984, petitioner filed a petition alleging that two of respondent's children, Princess (born January 6, 1970) and Roberta (born January 19, 1973), were abused children. The petition alleged that during the month of May 1983, while the children's mother was in the hospital, respondent placed his hands upon Princess' breast and genital areas and offered her money to rub his private parts. The acts allegedly occurred in front of Roberta. In January 1985, respondent was convicted, after a jury trial in Binghamton City Court, of sexual abuse in the third degree. This conviction was based on the same operative facts as the present proceeding.

In March of 1985, a fact-finding hearing was conducted

pursuant to Family Court Act article 10. Testimony was taken from Princess and respondent. Thereafter, Family Court issued an order and decision dismissing the petition. The court found, *inter alia,* that the alleged sexual abuse had not been proven by clear and convincing evidence and that there was no evidence whatsoever that Roberta was aware of the alleged abuse. Later, by letter, the court declared that it had inadvertently referred to the standard of proof as "clear and convincing" when it had meant "a fair preponderance of the evidence". This appeal followed.

We agree with petitioner's contention that respondent's prior conviction of the crime of sexual abuse in the third degree is conclusive proof in this proceeding that respondent was guilty of sexual abuse as to Princess and that Family Court therefore erred in dismissing the petition involving her. Based upon principles of collateral estoppel, respondent's previous conviction was conclusive proof of child abuse in this case *(see, Gilberg v Barbieri,* 53 NY2d 285; *S.T. Grand, Inc. v City of New York,* 32 NY2d 300; *see also, Matter of Smith v Perlman,* 105 AD2d 878; Siegel, NY Prac § 453, at 599-600). It was petitioner's burden to establish (1) that the issue as to which preclusion is sought is the same as the issue decided in the prior proceeding and was necessarily decided in the prior proceeding, and (2) that respondent had a full and fair opportunity to litigate the issue in the prior proceeding *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 456; *Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 17-18).

In order to obtain respondent's criminal conviction of the crime of sexual abuse in the third degree (Penal Law § 130.55), the elements of the crime were necessarily proven beyond a reasonable doubt *(see,* CPL 70.20). The issue of whether respondent committed a "sex offense" (Family Ct Act § 1012 [e] [iii]) was therefore necessarily decided. It was also certainly established that respondent had a full and fair opportunity to litigate the issue in the City Court criminal trial. The City Court action was not a minor one since it involved an allegation that respondent sexually abused his daughter and faced a possible year of imprisonment. Petitioner should have been allowed to use respondent's conviction of sexual abuse in the third degree in the Family Court proceeding.

Order modified, on the law, without costs, by reversing so much thereof as dismissed the petition relating to Princess CC.; petition alleging that Princess CC. is an abused child granted and matter remitted to the Family Court of Broome

County for a dispositional hearing; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll and Levine, JJ., concur.