■ JEFFREY A. CERNIK, Respondent, v SENTRY INSURANCE, Appellant.—Main, J. Appeal from an order of the Supreme Court (Graves, J.), entered September 12, 1986 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured in an automobile accident in March 1983. Defendant, the insurance carrier of plaintiff's vehicle, denied plaintiff first-party benefits on the basis that he was intoxicated at the time of the accident. Consequently, plaintiff instituted this action to recover benefits. Plaintiff has admitted that he pleaded guilty to operating a motor vehicle while under the influence of alcohol as a misdemeanor (see, Vehicle and Traffic Law § 1192) following the accident, and that he has prior convictions of operating a motor vehicle while under the influence of alcohol and operating a motor vehicle while his ability was impaired. Defendant moved for summary judgment, contending that Insurance Law § 5103 (b) (2) permits it to deny plaintiff benefits because he was intoxicated at the

time of the accident and that Insurance Law § 5103 (b) (3) (i) permits it to deny plaintiff benefits because he was injured while committing an act which would constitute a felony. Supreme Court denied the motion and defendant appeals.

We affirm. Initially, we note that plaintiff might have been convicted of operating a motor vehicle while under the influence of alcohol as a felony, rather than a misdemeanor, had he elected to proceed to trial rather than enter a guilty plea *(see,* Vehicle and Traffic Law § 1192 [5]). Nevertheless, we do not believe that it is appropriate to say, without more, that defendant has established that plaintiff was committing a felony at the time of the accident. The fact remains that he was convicted only of a misdemeanor. With respect to plaintiff's intoxication at the time of the accident, although plaintiff's conviction could estop him from now asserting that he was not intoxicated at the time of the accident *(see, Gilberg v Barbieri,* 53 NY2d 285; *Matter of Princess CC.,* 120 AD2d 917), we agree with plaintiff's contention that the mere fact of his conviction does not automatically entitle defendant to deny him first-party benefits. Insurance Law § 5103 (b) (2) permits such denial when a person "[i]s injured *as a result of* operating a motor vehicle while in an intoxicated condition" (emphasis supplied). Those words, "as a result of", indicate that there must be a causal connection between the operation of the vehicle in an intoxicated condition and the injuries sustained.

In its brief, defendant contends that in a prior civil action a jury found plaintiff to have been 35% responsible for the accident due to his driving while intoxicated and driving at an unsafe speed, and that this evidence is sufficient to show that plaintiff's intoxication caused the accident. While the record supports defendant's statement that plaintiff was found 35% responsible, there is no evidence in the record as to the basis for the jury's finding of plaintiff's negligence. Plaintiff contends that his intoxication was not a basis for the jury's finding. On this record, therefore, we cannot say that defendant has demonstrated a causal connection between plaintiff's intoxication and the accident which would entitle defendant to summary judgment dismissing plaintiff's complaint. Accordingly, Supreme Court properly denied the motion.

Order affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Harvey, JJ., concur.