OPINION OF THE COURT
John Copertino, J.
The question presented on this motion appears to be one of first impression in New York, and may be stated simply: is the fact of an insured’s indictment for a felony, standing alone, sufficient to relieve an insurance carrier of its obligation to pay first-party benefits under New York’s automobile No-Fault Law?
The essential facts of this case are not in dispute. On April 1, 1989, plaintiff Lawrence Gross was driving a pickup truck *31 on Route 25A in Smithtown, New York, and was involved in a serious accident. The driver of the car with which Mr. Gross’s vehicle collided was killed. Mr. Gross himself sustained serious physical injuries which required hospitalization and a long-term absence from his job as a carpenter.
Plaintiff Linda Gross, the wife of Lawrence Gross, has a contract of insurance with defendant Allstate Insurance Company (Allstate) which was in full force and effect at the time of the collision. Pursuant to the terms of her policy, Allstate began to pay first-party benefits to Mr. Gross in July of 1989 at the rate of $1,569.92 per month to cover lost wages. This was to rise to $1,999 in October 1989 upon the exhaustion of Mr. Gross’s union disability benefits.
However, in early September 1989 Mr. Gross was indicted for the crime of common-law manslaughter in connection with the accident. Shortly thereafter he received a letter from Allstate, dated September 21, 1989, notifying him that his no-fault benefits covering lost wages had been suspended pending resolution of the felony charges against him. Allstate has alleged that Mr. Gross may have been under the influence of alcohol at the time of the accident, but there is no proof presented to that effect. More important, the felony indictment for manslaughter was the sole ground given for withholding benefits in defendant’s notice.
The provision of the Allstate policy cited in its letter of September 21 was clearly drawn from Insurance Law § 5103 (b) (3) (i). Inasmuch as subdivision (a) requires each policy of automobile insurance to provide for the benefits at issue here, Allstate may not disclaim unless this situation falls within the exclusions set forth in subdivision (b). In relevant part, this section reads as follows:
"(b) An insurer may exclude from coverage required by subsection (a) hereof a person who * * *
"(3) Is injured while he is: (i) committing an act which would constitute a felony”.
Plaintiffs assert that the operation of subdivision (b) has not been triggered notwithstanding the indictment. Consequently, they have made application for a preliminary injunction restraining Allstate from suspending Mr. Gross’s benefits and to pay over those moneys which otherwise would have been paid to date. Among other things, plaintiffs claim that their marital residence will be lost to foreclosure unless this relief is granted.
*32 Defendant vehemently opposes the application. Allstate points to the fact that no proof of either Mr. Gross’s continuing disability or the imminent loss of plaintiffs’ home has been offered. Defendant also argues that it will have paid moneys it did not owe if Mr. Gross ultimately is convicted, and that plaintiffs seek an ultimate victory (reinstatement of benefits) on an application for interim relief without affording Allstate a hearing and the opportunity to present witnesses. Defendant also objects to the absence of an offer of a bond, stating that it will resume payment upon proof of disability should an adequate undertaking be made.
However, the court will not decide the application for the injunction because plaintiffs’ motion — indeed, their action— is brought in an inappropriate form. The complaint sounds in (1) breach of contract; (2) permanent injunction; and (3) attorney’s fees, when what is proper here is an action for a declaratory judgment. Plaintiffs claim that the disclaimer by Allstate under the terms of the policy is unsound; in essence, they wish this court to declare that Allstate is obliged to make the first-party payments. Accordingly, the court hereby converts this application for interim relief to one for declaratory judgment (CPLR 103 [c]; 3001; 1 Weinstein-Korn-Miller, NY Civ Prac If 103.08). "The primary purpose of declaratory judgments is to adjudicate the parties’ rights before a 'wrong’ actually occurs in the hope that later litigation will be unnecessary” (Klostermann v Cuomo, 61 NY2d 525, 538; Matter of Morgenthau v Erlbaum, 59 NY2d 143, 148). Use of this device is especially appropriate in cases where an insurer has disclaimed liability (see, Monaghan v Meade, 91 AD2d 1014), as the "wrong” in such cases is the stripping away of often vital insurance coverage.
The court now turns to the merits of plaintiffs’ case. The insurer has the burden of proving that the incident came within the exclusion (International Paper Co. v Continental Cas. Co., 35 NY2d 322). The only proof cited is the indictment. Inasmuch as Insurance Law § 5103 (b) (3) does not explicitly provide for an exclusion — even a temporary one — based upon pretrial proceedings alone, Allstate must demonstrate that the Grand Jury indictment is sufficient proof that the act committed by Mr. Gross "constitute^] a felony” and thus provides the necessary predicate for withholding benefits.
This position must be reviewed in light of the purpose of the Grand Jury and the meaning to be ascribed to its actions. The dual function of that body, rooted in the history of our *33 jurisprudence, is to determine if there is probable cause to believe that a crime has been committed and to protect citizens against unfounded accusations (Branzburg v Hayes, 408 US 665). If a Grand Jury indicts, the indictment is an accusation only; it does not constitute any evidence of guilt (United States v Ciambrone, 601 F2d 616). The nature of Grand Jury proceedings themselves is tied firmly to these principles; they are not adversary hearings in which the guilt or innocence of the accused is adjudicated (United States v Calandra, 414 US 338).
Of course, New York law may not depart from these fundamental precepts. While a Grand Jury may indict where there is (1) evidence spelling out a legally sufficient case and (2) there is reasonable cause to believe that the defendant committed the offense (CPL 190.65), the Grand Jury’s function is not to determine whether there exists proof beyond a reasonable doubt to support a conviction (People v Brewster, 100 AD2d 134). In short, there is no finding that the person charged did in fact commit the criminal act.
While civil plaintiffs need meet a lesser burden of proof than the People, a criminal indictment of a party can be no more proof of guilt in a civil cause than in a criminal matter. Moreover, Mr. Gross did not participate in the Grand Jury proceedings; apparently, he had had no notice. Therefore, even assuming that an indictment may have implications for a related civil case, Mr. Gross should not be bound here by the conclusion reached by the Grand Jury. A party always must have had a full and fair opportunity to litigate a given issue before he may be estopped from challenging a prior determination (Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65, 71).
These well-established principles apparently were at work in those few cases where the commission of a felony was a key issue in determining rights to first-party benefits. In a recent New York appellate case, an insurance company moved for summary judgment dismissing its insured’s action to recover his no-fault benefits based upon the insured’s admission that he had pleaded guilty to operating a motor vehicle while under the influence of alcohol.*
*34 However, the insured’s plea was to a misdemeanor. The court stated that while the plaintiff/insured "might have been convicted of * * * a felony, rather than a misdemeanor, had he elected to proceed to trial rather than enter a guilty plea” the mere possibility of a felony conviction was insufficient to deny benefits. "[W]e do not believe that it is appropriate to say, without more, that defendant has established that plaintiff was committing a felony at the time of the accident” (Cernik v Sentry Ins., 131 AD2d 952, 953). The motion was denied, in part, on this basis.
The Cernik court clearly looked to the ultimate plea alone in rendering its decision under Insurance Law § 5103 (b) (3) (i). Pretrial proceedings are not mentioned. A reasonable inference which may be drawn from the court’s silence on any such proceedings is that no weight was given to them; an indictment "might have” resulted in a trial and a felony conviction, but what mattered was that it did not. As it happens, there is even less available to Allstate here than there was to Sentry Insurance in Cernik (supra). There has, been no plea of guilty by Mr. Gross to any charge.
Other than Cernik, New York courts have had little to say on section 5103 (b) (3) (i), nor has the court discovered any relevant legislative history. Given the paucity of New York law on this subject, the court has examined two relevant New Jersey cases decided under that State’s no-fault statute. They support the conclusions drawn here from Cernik v Sentry Ins. (supra).
New Jersey’s Automobile Reparation Reform Act (NJ Stat Ann § 39:6A-1 et seq. [No Fault Act]) provides that a person may be excluded from personal injury protection benefits (PIP) if his personal injuries occurred "while committing a high misdemeanor or felony or seeking to avoid lawful apprehension or arrest by a police officer” (NJ Stat Ann § 39:6A-7 [a] [1], cited in Serio v Allstate Ins. Co., 210 NJ Super 167, 509 A2d 273). This language essentially tracks the New York statute at issue here.
In Serio (supra), the exclusion had been upheld where there had been evasion of apprehension or arrest — and a plea of guilty to the charge of death by auto. However, Judge Skill-man, who wrote the decision for the Serio appellate panel in 1986, had sat as a Trial Court Judge in another case the year *35 before in which the right to first-party benefits had been upheld. He had indicated that even a felony conviction must be examined carefully, and had gone so far as to rule that a plea of guilty to auto theft did not bar relitigation of the issues relevant to the insured’s claim for first-party benefits (Kaplowitz v State Farm Mut. Auto. Ins. Co., 201 NJ Super 593, 493 A2d 637). He then concluded that the defendant (a juvenile) had been engaged in a "joyride” rather than in auto theft or burglary at the time of the accident, and therefore was entitled to his first-party benefits. Though this court might have ruled differently on the ultimate issue in this case, Kaplowitz clearly bolsters the notion that far more than an indictment must be demonstrated before a carrier can ground an exclusion on a covered person’s criminal problems. Read together, these two New Jersey cases indicate that a sister State’s courts require convictions or guilty pleas to the charges cited in the relevant statute before an exclusion will be applied, and even then the insured may not necessarily be estopped from litigating the issue of his or her right to first-party benefits.
The New York, New Jersey and Federal authority cited above leads this court to conclude that Allstate’s position, as expressed in its letter of September 21, in untenable. The only facts available to the carrier are the indictment and the accident itself, and Allstate must show that these facts amount to a showing that Lawrence Gross was injured while "committing an act which would constitute a felony” (Insurance Law § 5103 [b] [3] [i]). However, the commission of a felony, unlike the other factors enumerated in Insurance Law § 5103 (b), cannot be charged to this claimant without taking the additional step of making a specific legal finding of guilt based upon the facts and circumstances of the accident — and if a Grand Jury is not entitled to do this under our law, how may an insurance company?
This is not to say that a carrier is helpless in the face of certain acts by claimants. It legitimately may refuse coverage if, for example, the claimant was intoxicated at the time of his injury, but that is because the fact of the required degree of intoxication may be established by independent means (see, Fafinski v Reliance Ins. Co., 65 NY2d 990). This is not inconsistent with the fact that only a jury (or the claimant himself) can say that he committed the felony of driving while intoxicated. Similarly, if an otherwise covered person is injured while seeking to avoid apprehension or arrest (§5103 [b] [3] *36 [i]), or while operating a motor vehicle known by him to be stolen (§ 5103 [b] [3] [iii]), no conviction or plea to such offenses would be required. Again, "felony” is a term which refers not to specific facts but to a legal finding which might be drawn from those facts; this is why a carrier who wishes to ground an exclusion on the felony provision alone must be able to point to a guilty plea or a conviction.
The court concludes that judgment must be had for the plaintiffs. As noted earlier, the insurer has the burden of proving that the incident and claim thereunder came within the exclusion of the policy (International Paper Co. v Continental Cas. Co., 35 NY2d 322, supra), and in accord with the authority cited above this burden has not been met. Absent a guilty plea, a conviction for a felony is required before Allstate may deny first-party benefits pursuant to Insurance Law § 5103 (b) (3) (i) to an otherwise covered person. In short, if an indicted claimant chooses to fight the criminal charges made against him an insurance company may not substitute its claims adjusters for the jury.
The court hereby declares that defendant Allstate Insurance Company is obligated to make first-party benefit payments to plaintiff Lawrence Gross pursuant to its contract of insurance with plaintiff Linda Gross. Until and unless Mr. Gross pleads guilty to or is convicted of a felony, or such other and sufficient facts are later found which might lead to an exclusion pursuant to a provision within section 5103 (b) other than (3) (i) ("committing an act which would constitute a felony”), defendant must pay over benefits at the rate previously determined to be appropriate, including all moneys previously withheld. The court further declares that defendant Allstate may not suspend benefits on the ground that Mr. Gross’s disability has not been shown, inasmuch as the suspension was based on the indictment alone. However, Mr. Gross is not relieved from complying with defendant’s demands to prove his continuing disability in accord with those provisions of the policy, if any, which require such demonstration.
Finally, the court notes that no separate hearing concerning Mr. Gross’s right to first-party benefits is required at this time because the facts which underlie the present suspension of benefits are undisputed. Moreover, the defendant chose to submit papers rather than to present witnesses and any other evidence it might have had on the return date of the plaintiffs’ order to show cause.

 The court notes that Insurance Law § 5103 (b) (2) provides for an exclusion where the insured’s injury results from driving under the influence of alcohol, but the insured may also be excluded under section 5103 (b) (3) (i) if by so acting he committed a felony. Of course, it is the latter section *34 which is at issue here. A further discussion of the distinction between these sections appears infra.