Matter of P./R. Children (2007 NY Slip Op 50258(U))

[*1]

Matter of P./R. Children

2007 NY Slip Op 50258(U) [14 Misc 3d 1232(A)]

Decided on February 15, 2007

Family Court, Kings County

Hamill, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 15, 2007

Family Court, Kings County
In the Matter of P./R. Children. Children Under Eighteen Years of Age Alleged to be Abused by Victoriano P. a/k/a Guadalupe P., Respondent.
NN5613-19/06

Bryanne A. Hamill, J.
On November 19, 2006 the Administration for Children's Services (hereinafter "ACS") filed a motion for summary judgment. ACS asserts there are no triable issues of fact as to whether Norma P., born on December 13, 1995, was abused by her biological father, Victoriano P. a/k/a Guadelope P. (hereinafter "respondent"), as defined by section 1012(e)(iii) of the Family Court Act. ACS further asserts that as a result of the abuse of Norma, the children Nellie P., Ulysses P., Diana P., Diego P., Katherine P. and Carolina P. are derivatively abused children. The respondent submitted opposition to the motion.
This child protective proceeding was commenced on March 21, 2006, with the filing of an abuse petition against the respondent. The petition alleges that the respondent committed or allowed to be committed sex offenses against the subject child, Norma P., as defined in Article 130 of the Penal Law. The petition alleges that the subject child informed the caseworker that the respondent father had been having sexual intercourse with her in the family home for several years. She reported that the respondent father began having sexual intercourse with her when she was in kindergarten, and that it continued until approximately the beginning of 2006.
On August 15, 2006, the respondent father was convicted of Attempted Sexual Abuse in the First Degree in violation of Penal Law §110-130.65 and Endangering the Welfare of a Child in violation of Penal Law §260.10. Attached to ACS' motion are the transcripts from the Supreme Court criminal proceedings with the certificate of disposition. The plea minutes reveal that respondent admitted under oath that, on or about and between December 13, 2002 and January 30, 2003 he subjected Norma P., a person less than eleven years old, to sexual contact by touching his penis to her vagina. He also admitted that on or about and between December 13, 2002 and February 5, 2006, he knowingly acted in a manner likely to be injurious to the physical, mental and moral welfare of a child less than seventeen years of age, namely Norma P., and that he did engage in sexual contact with Norma P..
[*2]
On October 2, 2006 the respondent father was sentenced to one and a half to three
years of incarceration, was required to register as a sex offender and an eleven-year order of protection for his daughter Norma was issued.
The Court of Appeals established the appropriateness of summary judgments in neglect and abuse proceedings in Suffolk County DSS V. James M., 83 NY2d 178 (1994). "Summary judgment is designed to expedite all civil cases by eliminating from the trial calendar claims which can be properly resolved as a matter of law." Andre V. Pomeroy, 35 NY2d 361 (1974). "When there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the trial calendar and thus deny to other litigants the right to have their claims promptly adjudicated." Id. at 364.
Family Court Act §1012(e)(iii) defines an "abused child" as "a child less than eighteen years of age whose parent or other person legally responsible for her care (iii) commits or allows to be committed an offense against such child defined in article one hundred thirty of the penal law."
New York Penal Law §110.00 defines an attempt to commit a crime as when a person with intent to commit a crime, engages in conduct which tends to effect the commission of such crime. New York Penal Law §130.65(3) defines Sexual Abuse in the First Degree as when a person subjects another person to sexual contact when the other person is less than eleven years old. The respondent father admitted, in the criminal proceedings, to touching his penis to the subject child's vagina when she was less than eleven years old, which is, factually at a minimum, Sexual Abuse in the First Degree, but also may constitute the crime of Rape in the First Degree, in violation of Penal Law § 130.35(3).
The statutory language and existing case law make clear that "inasmuch as there is an identity of issue between the two proceedings and respondent had a full and fair opportunity to litigate the mater in the criminal proceeding, collateral estoppel applies to sustain Family Court's finding of abuse and neglect against the children."In the Matter of Denise GG., 254 AD2d 582, 583 ( 3rd Dept. 1998).
Where the moving party has demonstrated that it is entitled to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a triable issue of fact or tender an acceptable excuse for failing to do so, and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement." Zuckerman v. City of New York, 49 NY2d 557 (1980).
The respondent has submitted an attorney affirmation in opposition to ACS's motion. Respondent's counsel asserts that collateral estoppel does not apply, because the respondent pled guilty to Attempted Sexual Abuse in the First Degree, and as such, there is no identity of issues between respondent's plea in the criminal proceeding and the allegations in the petition.Respondent claims that the allegations of actual sexual conduct with the subject child were not "fully and fairly litigated." Respondent's counsel argues that regardless of what the respondent testified to during his allocution, the criminal court only convicted him of an attempted sex crime.
The respondent cites to the Practice Commentary Section of NY Penal Law §110.00 in support of his argument. The 2004 Practice Commentary to NY Penal Law Section §110.00 begins its comments by referring to former Penal Law § 2 which defined an attempt to commit a crime as an "act, done with intent to commit a crime, and tending but failing to effect its [*3]commission.""Although the language of the current definition of attempt is somewhat different no material change was intended' by the new language." Respondent contends it cannot be known whether the criminal court could or would have found a lack of actual commission of sexual abuse as that issue was never litigated because the matter was settled on a plea, and accordingly, the issue of actual sexual contact or abuse was not "fully or fairly litigated."
However, the Practice Commentary Section of NY Penal Law §110.00 further states the revisers changed the language from tending, but failing to effect, "to tends to effect the commission of the crime." The revisers believed that the "but failing" unreasonably precluded a finding of attempt in the close cases where there was some evidence of consummation. Thus, by that change in language, the current statute made it easier for a court to permit a jury to find, and easier for a jury to find, an attempt to commit a crime where, although there is evidence of consummation of the crime, the proof is also susceptible of a finding of attempt. People v. Richette, 33 NY2d 42 (1973).
In the matter before the Court, even if the Court were to credit the respondent's arguments and find that the respondent is not collaterally estopped from raising a defense, the burden of raising a triable issue of fact would now be placed upon the respondent. Pursuant to CPLR R.3212, ACS has submitted documentary evidence, to wit, the respondent's plea allocution, demonstrating that there are no triable issues of fact. The respondent has failed to submit a sworn affidavit to demonstrate the existence of a triable issue of fact. The respondent allocuted on the record, subject to penalties of perjury in criminal court, that he touched his penis to the vagina of the subject child, who was less than eleven years old at the time. This act, in clear violation of NY Penal Law §130.65(3), constitutes abuse, as defined by FCA §1012(e)(iii). Contrary to counsel's arguments, this Court is not limited by the crime for which the respondent was actually convicted, but may consider the documentary evidence of his sworn admissions and statements against penal interest.
To this end, in Matter of Brittany B., 2006 WL 2977159 (Fam Ct NY Co.) this Court found that while the respondent pled guilty in criminal court to Endangering the Welfare of A Child in violation of Penal Law 260.10, in his allocution he admitted to engaging in sexual intercourse with the subject child, his biological daughter, by placing his penis in her vagina when the subject child was less than seventeen years old. "Based upon his criminal court allocution and his admission under oath the court found that the statutory requirements for an abused child are satisfied, pursuant to FCA 1012(e)(iii)." Id at 2. 
Accordingly, there is no issue of triable fact. The allegations of sexual abuse in the petition and the actions that the respondent testified he committed, which were the subject matter of the guilty plea, arose out of one the same incidents, with the same victim. Accordingly, the respondent father is collaterally estopped from denying that allegation in the petition. Matter of Laurali M. 248 AD2d 983 (4th Dept. 1998); Matter of Princess CC, 120 AD2d 917 (2nd Dept. 1986). Further, based upon the respondent's guilty plea to Attempted Sexual Abuse in the First Degree, which is a sex crime pursuant to Article 130 of the Penal Law, the statutory definition of abuse, pursuant to FCA§ 1012(e)(iii), is met.
The petitioner is further moving for findings of derivative abuse as to Norma's siblings. With respect to derivative findings of abuse, FCA §1046(a)(i) states that the "proof of abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent."
[*4]
"Courts have consistently sustained derivative findings whereas respondent's abuse of the subject child is so closely connected with the care of another child as to indicate that the second child is equally at risk." Matter of Marino S., 100 NY2d 361, 374 (2003); Matter of Douglas E, 191 AD2d 694 (2d Dept 1993). "Where the conduct which formed the basis for a finding of abuse as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists, a finding of abuse should be made as to the surviving child." Matter of James P., 137 AD2d 461, 464 (1st Dept. 1988). "Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused a child will place his or her other children at substantial risk of harm." Matter of Douglas E ., 191 AD2d 694 (2d Dept. 1993)
Moreover, it is not necessary for the petitioner to prove that the siblings who were not the direct targets are likely to suffer the same injury or even a substantially similar form of mistreatment as the target child. Matter of Patricia J., 206 AD2d 847(4th Dept. 1997). Rather, the petitioner's burden is to show only proximity in time, after which showing the burden shifts to the respondent to show any circumstances that may differentiate the target child from the other children. Matter of James P., supra; Matter of Daniella HH., 236 AD2d 715 (3rd Dept. 1997).
Insofar as the father does not dispute that all the subject children lived in his same household and are all under the age of fourteen, this Court concludes that, under the totality of these facts and circumstances, the respondent father demonstrates serious fundamental flaws in his understanding of the duties of parenthood that places all of these children in his care at risk of being abused.
Accordingly, ACS' motion for summary judgment is granted to the extent that this Court grants partial summary judgment, and enters a finding of sexual abuse as to the subject child Norma P., by clear and convincing evidence, pursuant to FCA §1012(e)(iii), and enters findings of derivative abuse as to the remaining children, Nellie P., Ulysses P., Diana P., Diego P., Katherine P. and Carolina P., pursuant to FCA §1012(e)(iii).
The foregoing constitutes the decision and Order of this Court.
Dated: Brooklyn, New York
February 15, 2007
E N T E R:
______________________________
HON. BRYANNE A. HAMILL
Judge of the Family Court