■ LEOPOLDO R. MEJIA, Appellant-Respondent, v ASA COLEMAN et al., Respondents-Appellants, and LEONIDAS VASQUEZ, Respondent.—Judgment, Supreme Court, New York County (William F. McDermott, J.), which, upon a jury verdict, found defendants Asa Coleman and Sharon Coleman 82% liable, and Leonidas Vasquez 18% liable, and awarded plaintiff judgment

in the amount of $70,000, plus interest and costs, unanimously reversed, on the law and the facts, without costs or disbursements, and new trial granted with respect to the issue of damages only, unless within 20 days after service upon defendants of copies of the order to be entered herein, together with notice of entry, they serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdict in plaintiff's favor to $125,000 plus interest and costs. If defendants so stipulate, the judgment to be entered on that stipulation is hereby affirmed, without costs or disbursements.

Trial Term properly declined defendant Coleman's request to charge PJI 2:85, "Motorist's Duty Re Maintenance—To Passenger", and PJI 2:14, "Emergency Situation", since no evidence was adduced to support these charges. With respect to a motorist's duty to his passenger, defendant offered no evidence to establish that the accident was caused by a mechanical defect (see, Gordon v State of New York, 57 Misc 2d 731, 736). Likewise, there was neither a claim nor evidence that Coleman had failed to exercise best judgment as between choice of alternatives, as a predicate to the emergency situation charge (see, Amaro v City of New York, 40 NY2d 30, 36; Rowlands v Parks, 2 NY2d 64, 67-68).

We find that the award of damages was inadequate in view of the nature and extent of plaintiff's injuries and consequently we have conditioned the avoidance of a new trial as to damages upon stipulation by both defendants to an increased amount. Concur—Kupferman, J. P., Rosenberger, Asch and Smith, JJ.