■ DAVID R. D'ALESSANDRO, Individually and as Limited Administrator of the Estate of KIMBERLY A. D'ALESSANDRO, Deceased, Appellant, v EASTMAN KODAK COMPANY et al., Respondents. [805 NYS2d 916]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), entered November 22, 2004. The judgment dismissed the action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages arising from a motor vehicle accident in which his wife and her two children were killed. According to plaintiff, one of three trucks owned by defendant Eastman Kodak Company (Kodak) and driven by Kodak employees, two of whom are presently named defendants herein, struck the vehicle driven by plaintiff's decedent, causing her to lose control and veer into the path of an oncoming truck. Supreme Court properly granted those parts of defendants' motion, made at the close of plaintiff's case, seeking dismissal of the action against defendant Frank Mongeon, Jr., one of the drivers, and dismissal of plaintiff's claim for punitive damages. "[T]here was 'no rational process by which the fact trier could base a finding in favor of [plaintiff]' on the causes of action against" Mongeon or the claim for punitive damages (*Lidge v Niagara Falls Mem. Med. Ctr.* [appeal No. 2], 17 AD3d 1033, 1036 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). The court also properly admitted in evidence the deposition testimony of a person who was not available to testify at trial (*see* CPLR 3117 [a] [3]), but properly refused to admit in evidence the sworn statement referred to by that person in his deposition testimony. The sworn statement is hearsay, and plaintiff failed to establish the applicability of any exception to the hearsay rule (*see Friedman v Sills*, 112 AD2d 343, 344-345 [1985]; *see generally Tyrrell v Wal-Mart Stores*, 97 NY2d 650, 652 [2001]). Plaintiff further contends that the court erred in denying his requests to instruct the jury with respect to defendants' alleged admissions against interest by conduct (*see* PJI3d 1:56 [2005]) and with respect to defendant drivers' alleged improper lane change in violation of Vehicle and Traffic Law § 1128 (a) (*see* PJI3d 2:26 [2005]). The court properly refused to issue those instructions because they are not supported by the evidence (*see generally Dotson v City of New York*, 296 AD2d 372 [2002]; *Mejia v Coleman*, 168 AD2d 245, 246 [1990]). Finally, the court properly exercised its discretion in refusing to allow plaintiff's accident reconstruction expert to provide rebuttal testimony (*see Clemons v Vanderpool*, 289 AD2d

1078, 1079 [2001]; *Syracuse Airport Metroplex v City of Syracuse*, 249 AD2d 926, 927 [1998]). Present—Pigott, Jr., P.J., Green, Pine, Lawton and Hayes, JJ.