■ RICHARD FRIEDMAN et al., Respondents, v EDWARD M.

SILLS et al., Appellants, et al., Defendants.—In an action arising out of a partnership agreement, defendants Edward Sills and Murray Wolff, as executors of the estate of Herman Wolff, appeal from so much of an order of the Supreme Court, Queens County (Goldstein, J.), entered February 22, 1984, as, upon renewal, denied those branches of their motion which were for summary judgment dismissing the complaint as against them and for partial summary judgment on the first and second counterclaims and cross claims.

Order affirmed insofar as appealed from, with costs.

The instant action concerns several claims, counterclaims and cross claims made among the various parties who were, at one time or another, associated as partners in the practice of medicine. The complaint essentially alleges that Dr. Herman Wolff had failed to live up to his partnership obligations because of health problems. As a result, plaintiffs Friedman and Reich sought the return of distributed profits and dissolution of the partnership. In his answer, Dr. Wolff asserted counterclaims and cross claims, *inter alia,* for allegedly unpaid disability benefits and malpractice insurance premiums, as well as for an accounting. Dr. Wolff then moved, insofar as is here pertinent, for summary judgment dismissing the complaint as against him, and granting the relief requested in his first and second counterclaims and cross claims. However, he died before a decision was reached at Special Term, and the court thereafter denied the motion without prejudice to renewal by his personal representatives. The executors of Dr. Wolff's estate, did, in fact, move to renew the motion, and they now appeal from the denial of so much thereof as was for summary judgment.

We affirm insofar as appealed from.

We note at the outset that Special Term properly disregarded the affidavits of personal knowledge prepared by Dr. Wolff and submitted on the initial summary judgment motion. However, Special Term erred in rejecting them on the ground that the affidavits would be inadmissible at any subsequent trial by virtue of CPLR 4519. CPLR 4519, commonly referred to as the Dead Man's Statute, is a device designed to protect decedents' estates from unverifiable outside claims based upon a "personal transaction or communication" with the deceased. As a result, while evidence which would be inadmissible at trial because of the statute may be used to oppose summary judgment, it may not be considered in support of such a motion (*see, Phillips v Kantor & Co.,* 31 NY2d 307; *Moyer v*

*Briggs,* 47 AD2d 64; *Raybin v Raybin,* 15 AD2d 679). However, CPLR 4519 has no applicability to the facts at bar, since the evidence involved here consists of two affidavits of personal knowledge by the decedent himself, and not testimony of any transactions or communications with him. These affidavits would nevertheless be inadmissible at any subsequent trial because they are self-serving hearsay, and do not come within any of the recognized exceptions to the hearsay rule. In this regard, we cannot agree with the executors' contention that the exception for former testimony embodied in both the common law and CPLR 4517 is applicable to these facts. The affidavits of Dr. Wolff cannot in any sense be considered "testimony". Moreover, there is lacking here the "prime and essential requirement" of admissibility under the foregoing exception, i.e., that the opponents or their privies have had a meaningful opportunity to cross-examine the witness on his version of the events at the time of his former testimony (*see, Fleury v Edwards,* 14 NY2d 334, 339; *Siegel v Waldbaum,* 59 AD2d 555; CPLR 4517). Since the affidavits would in any event be inadmissible at a subsequent trial, Special Term properly refused to consider them in support of those branches of the motion which were for summary judgment.

In addition, Special Term was correct in its finding that triable issues of fact were raised on the renewal motion which precluded the entry of summary judgment. The numerous conflicting allegations of the parties, each of which is supported by extrinsic documentary evidence and the agreements among the parties, render a judgment on the merits impossible at this stage. Indeed, the evidence submitted by plaintiffs in opposition to the motion has raised serious questions as to the time of commencement of Dr. Wolff's physical disability; his degree of performance of his partnership obligations; and whether he withdrew or retired from the partnership in January 1980 or at some subsequent time. The existence of these factual issues mandates a trial (*see, Piccolo v De Carlo,* 90 AD2d 609). Since a decision as to the merits of the counterclaims and cross claims asserted by the executors is also dependent upon a determination of these factual issues, the denial of summary judgment with respect to them was proper as well. Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.