■ GEORGE Q. BARON, as Conservator of the Estate of ANDREW J. BARON, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.—Judgment unanimously reversed, on the law, without costs, and new trial granted. Memorandum: On October 15, 1983, at approximately 2:40 A.M., An-

drew Baron was seriously injured when the automobile he was operating left the road and struck a tree. There were no witnesses to the accident and Baron has remained comatose since the accident due to the severe head injuries he sustained. Three chemical analyses of Baron's blood taken between 4:00 A.M. and 7:43 A.M. on the day of the accident showed blood alcohol contents in excess of .10%.

Plaintiff conservator commenced this action to compel defendant insurance company to pay personal injury protection (PIP) and added personal injury protection. (APIP) benefits pursuant to the automobile insurance policy issued to him. Defendant disclaimed coverage under the policy, contending that the accident occurred as a result of Andrew Baron having operated the motor vehicle in an intoxicated condition.

After a trial, the jury rendered a verdict in favor of plaintiff. The trial court improperly rejected defendant's requested charge on the meaning and effect of the exclusionary language in the insurance policy (see, Insurance Law § 5103 [b] [2]; 11 NYCRR 65.15 [l] [2] [i]). The court should have instructed the jury that a finding that intoxication was a contributing cause of Baron's injuries would entitle defendant to exclude coverage. Since the preferred procedure of requiring a special verdict pursuant to CPLR 4111 was not utilized in this case, we are unable to determine the basis for the jury verdict. Thus, we cannot say that the trial court's erroneous instructions are harmless since we are unable to say "there is no view of the evidence under which appellant could have prevailed" (Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 43, citing 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2002.03).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Herkimer County, Tenney, J.—recover insurance benefits.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.