■ DEBORAH SCAHALL, as Administratrix of the Estate of WILLIAM N. SCAHALL, Deceased, Appellant, v UNIGARD INSURANCE COMPANY, Respondent. [635 NYS2d 856] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing plaintiff's action seeking to compel defendant, Unigard Insurance Co. (Unigard), to pay first-party (No-Fault) benefits pursuant to the policy issued to plaintiff. 11 NYCRR 65.15 (m) (2) (i) requires an insurance company to pay first-party benefits where coverage has been excluded for an applicant operating a vehicle while in an intoxicated condition "if such intoxicated * * * condition was not a contributing cause of the accident causing [his] injuries". Plaintiff submitted proof that a tractor-trailer was obstructing plaintiff's decedent's lane of travel and that the driver of the tractor-trailer was cited for failure to

yield the right-of-way. Plaintiff has demonstrated by proof in admissible form that there is a triable issue of fact whether there was a causal connection between the intoxication of plaintiff's decedent and the accident *(see, Cernik v Sentry Ins.,* 131 AD2d 952).* The conflicting expert opinions, submitted by the parties to support their positions, should not be resolved on a motion for summary judgment *(see, Luthart v Danesh* [appeal No. 2], 201 AD2d 930). Therefore, whether intoxication was a contributing cause of the accident that would entitle Unigard to exclude coverage is a question of fact for the jury *(see, Baron v Nationwide Mut. Ins. Co.,* 130 AD2d 967). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.