■ FRANCES CARRITHERS, Respondent, v HILDE DELAGERA, Appellant. [768 NYS2d 380]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated November 4, 2002, as granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

On January 30, 2000, at approximately 11:30 P.M., the plaintiff, a tenant of premises in Center Moriches owned by the defendant's decedent, Joe Delagera, slipped and fell on ice while attempting to ascend the stairway to her second-floor apartment. The plaintiff moved for summary judgment asserting, inter alia, that the owner had actual and constructive notice of the icy condition and sufficient time to clear it. The defendant opposed the motion, contending, inter alia, that there exist triable issues of fact as to the plaintiff's conduct. The defendant also submitted meteorological evidence indicating that there was mixed precipitation on the evening of the accident. The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability. We reverse.

Contrary to the trial court's determination, after the plaintiff made out a prima facie case for summary judgment, the defendant established the existence of material issues of fact requiring a trial of the action, including whether the plaintiff's conduct was reasonable under all the circumstances (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Further, the Supreme Court erred in considering the plaintiff's conversations with the decedent in support of her motion for summary judgment (see Friedman v Sills, 112 AD2d 343, 344-345 [1985]). Altman, J.P., Florio, Luciano and Rivera, JJ., concur.