■ KURT BEYER et al., Respondents, v CHRISTINE A. MELGAR et al., Appellants, et al., Defendants. [792 NYS2d 140]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Christine A. Melgar and North Shore Ob/Gyn appeal from so much of an order of the Supreme Court, Queens County (Golar, J.), dated November 1, 2003, as denied that branch of their motion which was for summary judgment dismissing so much of the complaint as alleged malpractice for medical treatment rendered to the plaintiff's decedent, Christine Beyer, after March 26, 1999, insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the defendants Christine A. Melgar and North Shore Ob/Gyn which was for summary judgment dismissing so much of the complaint as alleged malpractice for medical treatment rendered to the plaintiff's decedent, Christine Beyer, after March 26, 1999, insofar as asserted against them. In support of their motion, the appellants relied on Melgar's deposition testimony regarding conversations in which she allegedly referred the plaintiff's decedent to a breast surgeon and for a mammogram on several occasions, and that the plaintiff's decedent refused to comply. That testimony was inadmissible under the Dead Man's Statute (*see* CPLR 4519) and could not be used to support the motion for summary judgment (*see Friedman v Sills,* 112 AD2d 343 [1985]; *cf. Phillips v Kantor & Co.,* 31 NY2d 307, 313 [1972]). There was sufficient undisputed admissible evidence that on March 26, 1999, Melgar appropriately advised the plaintiff's decedent to undergo a mammogram (*see Byrd v Brown,* 208 AD2d 582 [1994]; *see also Matter of Wieczorek,* 186 AD2d 204 [1992]). However, contrary to the appellants' contention, there was insufficient admissible evidence to establish that Melgar rendered appropriate treatment after March 26, 1999. Therefore, the appellants failed to establish their prima facie entitlement to summary judgment dismissing so much of the complaint as alleged malpractice for medical treatment rendered to the plaintiff's decedent, Christine Beyer, after March 26, 1999 (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.