■ DARREN ODDO et al., Appellants, v EDO MARINE AIR et al., Respondents, et al., Defendants. [826 NYS2d 343]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated April 4, 2005, as granted that branch of the motion of the defendant Amity Steel LLC which was for summary judgment dismissing the cause of action sounding in common-law

negligence insofar as asserted against it, and granted that branch of the separate motion of the defendant Edo Marine Air which was for summary judgment dismissing the cause of action sounding in common-law negligence insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The injured plaintiff allegedly sustained injuries while he was repairing an air-conditioning unit located on the roof of a building owned by the defendant Amity Steel LLC (hereinafter Amity) and leased by the defendant Edo Marine Air (hereinafter Edo). The defendants, moving separately, established their respective entitlement to summary judgment. They each submitted evidence sufficient to demonstrate that they did not create the alleged defect or have actual or constructive notice of it (see Sowa v S.J.N.H. Realty Corp., 21 AD3d 893 [2005]; Joseph v Hemlok Realty Corp., 6 AD3d 392 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]).

The plaintiffs failed to establish that a person named "Bill" was an employee of either defendant or that said person had the authority to speak on behalf of the defendants. Accordingly, the injured plaintiff's contention that "Bill" told him that there was a problem with the disconnect switch that allegedly caused the accident was insufficient to raise a triable issue of fact (see Loschiavo v Port Auth. of N.Y. & N.J., 58 NY2d 1040, 1041 [1983]; Berzon v D'Agostino Supermarkets, Inc., 15 AD3d 600 [2005]; cf. Candela v City of New York, 8 AD3d 45 [2004]). Moreover, a hearsay statement allegedly made by the injured plaintiff's coworker could not be used to raise a triable issue of fact where, as here, the plaintiffs failed to proffer a reasonable excuse for their failure to tender in admissible form evidence that the statement was made (see Joseph v Hemlok Realty Corp., supra; Allstate Ins. Co. v Keil, 268 AD2d 545 [2000]).

In light of our determination, we need not address the parties' remaining contentions. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.