█ WESTCHESTER MEDICAL CENTER, as Assignee of DONALD GJELAJ, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. [843 NYS2d 182]—

In an action to recover no-fault benefits under an insurance contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), dated January 5, 2007, as denied that branch of its motion which was for summary judgment on the first cause of action and granted that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On or about January 29, 2006, Donald Gjelaj, the plaintiff's assignor, was involved in a single-vehicle accident on a wet, curved roadway. After the accident, Gjelaj was arrested for driving while intoxicated. Gjelaj sought no-fault benefits under a policy of insurance issued by the defendant. The defendant sent a verification request dated January 31, 2006, to Gjelaj seeking additional information regarding his alleged intoxication. On or about February 10, 2006, Gjelaj responded to the request, including with his response copies of the traffic ticket issued after the accident charging him with driving while intoxicated and Gjelaj's handwritten statement that he had "not gone to court yet" on the charge. On or about February 16, 2006, the defendant received a copy of the police accident report indicating that Gjelaj was arrested for driving while intoxicated at the scene of the accident. Within one week after receiving Gjelaj's response, the defendant sought additional verification regarding Gjelaj's intoxication from, among others, Arden Hill Hospital, where Gjelaj had been taken after the accident.

In the interim, on or about February 24, 2006, the defendant received a hospital facility form (NYS Form NF-5) from the plaintiff to recover no-fault benefits for services it rendered to Gjelaj, its assignor. By letters dated March 8, 2006, and April 11, 2006, the defendant advised the plaintiff that it was investigating the claim for possible intoxication and waiting for

toxicology reports from either Arden or the New York State Police (hereinafter the State Police). On April 19, 2006, the defendant received, by facsimile from Gjelaj's counsel, a copy of a blood alcohol test (hereinafter the BAC report) taken by the State Police which stated in the subject line Gjelaj's name and the date of the accident, and reported a blood alcohol level of 0.13. The defendant sent the plaintiff a denial of claim on the ground of intoxication dated April 24, 2006.

When a denial of no-fault benefits rests on the statutory exclusion of intoxication pursuant to Insurance Law § 5103 (b) (2), the regulations promulgated thereunder trigger certain timing and notification requirements that extend the 30-day statutory period within which an insurer must pay or deny a claim (see Insurance Law § 5106 [a]; 11 NYCRR former 65.15 [g] [3]). "[W]hen an insurer believes that intoxication may have been a contributing cause to an accident, the insurer is entitled to all available information regarding the insured's condition at the time of the accident" (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 279 [1997], citing 11 NYCRR former 65.15 [g] [7]). Pursuant to 11 NYCRR former 65.15 (g) (7), proof of a claim shall not be complete until the information which has been requested pursuant thereto has been furnished to the insurer by the applicant or the authorized representative.

"Within 10 business days after receipt of the completed application for motor vehicle no-fault benefits . . . or other substantially equivalent written notice, the insurer shall forward, to the parties required to complete them, those prescribed verification forms it will require prior to payment of the initial claims" (11 NYCRR 65-3.5 [a]). "Subsequent to the receipt of one or more of the completed verification forms, any additional verification required by the insurer to establish proof of claim shall be requested within 15 business days of receipt of the prescribed verification forms" (11 NYCRR 65-3.5 [b]). "The insurer is entitled to receive all items necessary to verify the claim directly from the parties from whom such verification was requested" (11 NYCRR 65-3.5 [c]).

The plaintiff made a prima facie showing of entitlement to summary judgment on its first cause of action to recover no-fault benefits by demonstrating that the prescribed statutory billing forms were mailed to and received by the defendant and that payment of no-fault benefits was overdue (see Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]). In opposition, however, the defendant raised a triable issue of fact that the verification requests seeking information regarding Gjelaj's alleged intoxication were timely and properly sent to,

among others, Gjelaj, the plaintiff's assignor (*see Nyack Hosp. v State Farm Mut. Auto. Ins. Co.,* 19 AD3d 569 [2005]; 11 NYCRR 65-3.5 [a], [b]; former 65.15 [g] [7]).

In addition, the defendant raised a triable issue of fact through its submission of the police accident report (hereinafter the PAR) that Gjelaj was intoxicated at the time of the accident and that such intoxication caused the accident. The PAR was properly considered by the Supreme Court under the business record exception to the hearsay rule to the extent that it was based upon the personal observations of the police officer present at the scene and under a business duty to make it (*see* CPLR 4518 [a]; *Yeargans v Yeargans,* 24 AD2d 280, 282 [1965]). Based upon the police officer's personal observations and knowledge, Gjelaj's vehicle left the roadway and struck a tree, and Gjelaj was arrested for driving while intoxicated. Thus, the Supreme Court properly denied the plaintiff's motion for summary judgment.

However, the defendant failed to make out a prima facie showing on its cross motion for summary judgment (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In the first instance, the defendant was unable to establish, prima facie, that Gjelaj was intoxicated at the time of the accident (*see Lynch v Progressive Ins. Co.,* 12 AD3d 570, 571 [2004]). The result of a blood alcohol test may be admitted on the issue of intoxication in litigation involving an exclusion in a no-fault policy provided that a proper foundation is laid (*see Matter of Nyack Hosp. v Government Empls. Ins. Co.,* 139 AD2d 515 [1988]). At bar, the defendant failed to lay a proper foundation for admission of the BAC report by proffering any evidence regarding the care in the collection of Gjelaj's blood sample and its analysis (*see Marigliano v City of New York,* 196 AD2d 533 [1993]; *Fafinski v Reliance Ins. Co.,* 106 AD2d 88, 91-92 [1985], *affd* 65 NY2d 990 [1985]). Thus, while the defendant raised a triable issue of fact regarding intoxication sufficient to defeat the plaintiff's motion, on this record, it cannot establish intoxication as a matter of law. We note in this regard that although the BAC report was inadmissible to establish the defendant's prima facie case on its cross motion (*see generally Beyer v Melgar,* 16 AD3d 532, 533 [2005]), the Supreme Court properly considered it in opposition to the plaintiff's motion (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Phillips v Kantor & Co.,* 31 NY2d 307 [1972]).

In addition, the defendant failed to establish, prima facie, that Gjelaj's alleged intoxication was the proximate cause of the accident (*see Lynch v Progressive Ins. Co.,* 12 AD3d 570, 571

[2004]; *Scahall v Unigard Ins. Co.,* 222 AD2d 1070, 1071 [1995]; *North v Travelers Ins. Co.,* 218 AD2d 901, 902 [1995]; *Cernik v Sentry Ins.,* 131 AD2d 952 [1987]). Since the defendant failed to make a prima facie showing, the Supreme Court should have denied that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action regardless of the sufficiency of the plaintiff's opposing papers (*see North v Travelers Ins. Co.,* 218 AD2d 901 [1995]; *see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.