■ WESTCHESTER MEDICAL CENTER, as Assignee of MICHAEL FORTHMULLER, Appellant, et al., Plaintiffs, v PROGRESSIVE CASUALTY INSURANCE COMPANY, Respondent. [849 NYS2d 576]—

In an action to recover no-fault medical payments under insurance contracts, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated April 5, 2007, which denied its motion for summary judgment on its first cause of action, and conditionally granted the defendant's cross motion for summary judgment dismissing the first cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof conditionally granting the defendant's cross motion for summary judgment dismissing the first cause of action and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

On March 24, 2006 Michael Forthmuller was seriously injured when he lost control of his vehicle and crashed into a telephone pole. Immediately after the accident, Forthmuller was transported to Sound Shore Medical Center (hereinafter Sound Shore), where he underwent emergency surgery. Forthmuller was then transferred to the plaintiff hospital, where he remained hospitalized for approximately one month.

On or about May 4, 2006 the plaintiff, as Forthmuller's assignor, sent the defendant, inter alia, a hospital facility form (NYS Form N-F5) seeking payment of its hospital bill. The defendant received the hospital facility form on May 8, 2006. Three days later, on May 11, 2006, the defendant sent the plaintiff a letter indicating that benefits payments remained delayed pending receipt of Forthmuller's medical records, which had been previously requested. The defendant alleges that after it received the plaintiff's medical records on May 15, 2006, it learned that Forthmuller had first been treated after the accident at Sound Shore. Accordingly, on May 20, 2006 the defendant sent Sound Shore a verification request seeking its medical records pertaining to Forthmuller's treatment, including any blood alcohol serum toxicology test results. The defendant received Sound Shore's medical records on June 29, 2006 and

on July 12, 2006, it denied the plaintiff's claim upon the ground that Forthmuller was driving while intoxicated at the time of the accident.

Prior to receiving the defendant's denial of the claim, the plaintiff commenced this action seeking, in its first cause of action, to recover payment for the medical services provided to Forthmuller, as well as statutory interest and an attorney's fee. The plaintiff thereafter moved for summary judgment on its first cause of action, contending that no-fault benefits were overdue because the defendant had failed to either pay or deny its claim within 30 days as required by Insurance Law § 5106 (a) and 11 NYCRR 65-3.2. The defendant cross-moved for summary judgment dismissing the first cause of action, arguing that the 30-day period in which to pay or deny the claim was not triggered until it received the Sound Shore records it had requested as verification. The defendant also relied upon laboratory results contained in an uncertified copy of Sound Shore's medical records as proof that Forthmuller was legally intoxicated at the time of the accident. The Supreme Court denied the plaintiff's motion for summary judgment, and conditionally granted the hospital's cross motion pending receipt of "a certified toxicology report from Sound Shore."

"[Where] a denial of no-fault benefits rests on the statutory exclusion of intoxication pursuant to Insurance Law § 5103 (b) (2), the regulations promulgated thereunder trigger certain timing and notification requirements that extend the 30-day statutory period within which an insurer must pay or deny a claim" (*Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 753 [2007]; *see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 279 [1997]). In this regard, 11 NYCRR 65-3.8 (g) provides that "if an insurer has reason to believe that the applicant was operating a motor vehicle while intoxicated or impaired by the use of a drug, and such intoxication or impairment was a contributing cause of the automobile accident, the insurer shall be entitled to all available information relating to the applicant's condition at the time of the accident." This provision also states that proof of a claim shall not be complete until the information which has been requested pursuant thereto has been furnished to the insurer. Furthermore, pursuant to 11 NYCRR 65-3.5 (c), "[t]he insurer is entitled to receive all items necessary to verify the claim directly from the parties from whom such verification was requested."

Here, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on its first cause of action by submitting, inter alia, the requisite no-fault billing forms, a

certified mail receipt referencing the patient, a signed return receipt card also referencing the patient, and the affidavit of its biller averring that the defendant failed to either pay the bill or issue a timely denial of claim form (*see Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750 [2007]; *Westchester Med. Ctr. v Safeco Ins. Co. of Am.*, 40 AD3d 984 [2007]; *New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co.*, 39 AD3d 832 [2007]; *New York & Presbyt. Hosp. v Travelers Prop. Cas. Ins. Co.*, 37 AD3d 683 [2007]). In opposition to the motion, however, the defendant raised a triable issue of fact as to whether it timely denied the claim by submitting evidence that a verification request seeking information regarding Forthmuller's alleged intoxication was timely and properly sent to Sound Shore (*see Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750 [2007]; *cf. Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274 [1997]). In addition, the defendant also raised a triable issue of fact as to whether Forthmuller was intoxicated at the time of the accident and whether his intoxication caused the accident by submission of the Sound Shore laboratory results and a police accident report. Although the Sound Shore records were not in admissible form both because they were not certified and because the defendant failed to lay a proper foundation by proffering evidence of satisfactory care in the collection of Forthmuller's blood sample and its analysis (*see Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750 [2007]; *Marigliano v City of New York*, 196 AD2d 533 [1993]; *Fafinski v Reliance Ins. Co.*, 106 AD2d 88, 91-92 [1985], *affd* 65 NY2d 990 [1985]), the Supreme Court properly considered this evidence in opposition to the plaintiff's motion (*see Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750 [2007]). In addition, the police accident report describing the circumstances of the accident was properly considered to the extent that it was based upon the personal observations of the police officer present at the scene and who was under a business duty to make it (*see* CPLR 4518 [a]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750 [2007]).

However, the Supreme Court should not have conditionally granted the defendant's cross motion pending receipt of a certified toxicology report from Sound Shore. Even if the subject lab results were contained in certified hospital records, the defendant failed to lay a proper foundation for the admission of this evidence. Absent a proper foundation, certified laboratory results would be insufficient to make a prima facie showing that Forthmuller was intoxicated at the time of the accident (*see Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d

750 [2007]). Moreover, the defendant also failed to make a prima facie showing that Forthmuller's alleged intoxication was a proximate cause of the accident (*id.; see Lynch v Progressive Ins. Co.,* 12 AD3d 570, 571 [2004]; *Scahall v Unigard Ins. Co.,* 222 AD2d 1070, 1071 [1995]). Since the defendant failed to make a prima facie showing, its cross motion should have been denied regardless of the sufficiency of the plaintiff's opposition papers (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

Motion by the appellant, inter alia, to strike stated portions of the respondent's brief on an appeal from an order of the Supreme Court, Nassau County, dated April 5, 2007, on the ground that it contains "scurrilous" attacks on the appellant's counsel. By decision and order on motion of this Court dated September 19, 2007, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted to the extent that those portions of the respondent's brief which are identified in pages one through three of the affirmation of Joseph Henig dated August 14, 2007, submitted in support of the motion, are stricken and have not been considered on the appeal.

Although the appellant's brief inappropriately makes "boilerplate" arguments regarding the lack of timelines of the denial of the subject claim without regard to the particular facts attendant to the case, the respondent's ad hominem attack on the appellant's counsel is unwarranted. The defects in the appellant's brief are more properly brought to the Court's attention without resorting to disparaging remarks. Goldstein, J.P., Skelos, Fisher and Dillon, JJ., concur.