█ WESTCHESTER MEDICAL CENTER, as Assignee of ESTHER BEATON, Appellant-Respondent, v PROGRESSIVE CASUALTY INSURANCE Co., Respondent-Appellant. [858 NYS2d 767]—

In an action to recover no-fault medical benefits under an insurance contract, the plaintiff appeals from so much of an order

of the Supreme Court, Nassau County (Mahon, J.), dated July 9, 2007, as, upon, in effect, granting renewal, adhered to its original determination in a prior order dated December 12, 2006, denying the plaintiff's motion for summary judgment on the complaint, and the defendant cross-appeals from so much of the same order as, upon, in effect, granting renewal, adhered to its original determination in the prior order denying the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On February 4, 2006 Esther Beaton was injured after the vehicle she was driving crashed into a tree. Beaton was transported from the accident scene to the plaintiff hospital for care of her injuries.

On April 14, 2006 the plaintiff, as Beaton's assignor, sent the defendant, inter alia, a hospital facility form (NYS Form N-F5) seeking payment of its hospital bill. The defendant alleges that on April 25, 2006 it sent the plaintiff a verification request specifically seeking information pertaining to Beaton's blood alcohol level at the time of the accident. Having received no response to the verification request, the defendant sent the plaintiff a follow-up verification request on May 26, 2006 again specifically seeking information pertaining to Beaton's blood alcohol level at the time of the accident. Thereafter, on June 7, 2006, still having received no response to that request from the plaintiff, the defendant received from a police laboratory the results of a blood alcohol test indicating that Beaton was intoxicated at that time.

On June 14, 2006 the plaintiff commenced this action to recover no-fault benefits for the health services it provided to Beaton. The defendant sent the plaintiff a form dated June 15, 2006, by which it denied the claim on the ground that Beaton was driving while intoxicated at the time of the accident.

The plaintiff thereafter moved for summary judgment on the complaint, contending that no-fault benefits were overdue because the defendant failed to either pay or deny the subject claim within 30 days of receipt as required by, inter alia, Insurance Law § 5106 (a) and 11 NYCRR 65-3.8 (a) (1). The defendant cross-moved for summary judgment dismissing the complaint, arguing that the claim was timely and properly denied on the ground that Beaton was intoxicated at the time of the accident. The Supreme Court denied the motion and cross motion, and, upon, in effect, granting renewal, adhered to its original determination.

"Where a denial of no-fault benefits rests on the statutory exclusion of intoxication pursuant to Insurance Law § 5103 (b) (2), the regulations promulgated thereunder trigger certain timing and notification requirements that extend the 30-day statutory period within which an insurer must pay or deny a claim" (*Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 46 AD3d 675, 677 [2007], quoting *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 753 [2007]). Specifically, 11 NYCRR 65-3.8 (g) provides that "if an insurer has reason to believe that the applicant was operating a motor vehicle while intoxicated or impaired by the use of a drug, and such intoxication or impairment was a contributing cause of the automobile accident, the insurer shall be entitled to all available information relating to the applicant's condition at the time of the accident." The provision further provides that "[p]roof of a claim shall not be complete until the information which has been requested, pursuant [thereto], has been furnished to the [insurer]" (11 NYCRR 65-3.8 [g]). Moreover, pursuant to 11 NYCRR 65-3.5 (c), "[t]he insurer is entitled to receive all items necessary to verify the claim directly from the parties from whom such verification was requested."

The plaintiff's submissions with its motion to renew did not establish, as a matter of law, that the defendant's verification requests were untimely or improper (*see Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 46 AD3d 675, 678 [2007]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 752-753 [2007]). Thus, upon renewal, the Supreme Court correctly adhered to its denial of the plaintiff's motion for summary judgment on the complaint.

On its cross motion to renew, the defendant submitted Beaton's certificate of disposition on her charge of driving while intoxicated pertaining to the accident. However, this failed to establish, as a matter of law, that Beaton's intoxication was the cause of her accident and her resultant injuries (*see Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 46 AD3d at 679; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 753 [2007]; *Cernik v Sentry Ins.*, 131 AD2d 952 [1987]). Thus, upon renewal, the Supreme Court also correctly adhered to its denial of the defendant's cross motion for summary judgment dismissing the complaint.

In light of this determination, we need not reach the plaintiff's remaining contention. Skelos, J.P., Ritter, Florio and Dickerson, JJ., concur.