■ WESTCHESTER MEDICAL CENTER, as Assignee of MICHAEL FORTHMULLER, Appellant, et al., Plaintiffs, v PROGRESSIVE CASUALTY INSURANCE COMPANY, Respondent. [858 NYS2d 754]—

Motion by the respondent for leave to reargue an appeal from an order of the Supreme Court, Nassau County (Galasso, J.), dated April 5, 2007, which was determined by decision and order of this Court dated December 11, 2007, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to reargue is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that upon reargument, the decision and order of this Court dated December 11, 2007 (see *Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 46 AD3d 675 [2007]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover no-fault medical payments under insurance contracts, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated April 5, 2007, which denied its motion for summary judgment on its first cause of action, and conditionally granted the defendant's cross motion for summary judgment dismissing the first cause of action. Presiding Justice Prudenti has been substituted for former Justice Goldstein (see 22 NYCRR 670.1 [c]).

Ordered that the order is modified, on the law, by deleting the provision thereof conditionally granting the defendant's cross motion for summary judgment dismissing the first cause of action and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

On March 24, 2006 Michael Forthmuller was seriously injured when he lost control of his vehicle and crashed into a telephone pole. Immediately after the accident, Forthmuller was trans-

ported to Sound Shore Medical Center (hereinafter Sound Shore), where he underwent emergency surgery. Forthmuller was then transferred to the plaintiff hospital, where he remained hospitalized for approximately one month.

On or about May 4, 2006, the plaintiff, as Forthmuller's assignor, sent the defendant, inter alia, a hospital facility form (NYS Form N-F5) seeking payment of its hospital bill. The defendant received the hospital facility form on May 8, 2006. Three days later, on May 11, 2006, the defendant sent the plaintiff a letter indicating that benefits remained delayed pending receipt of Forthmuller's medical records, which had been previously requested. The defendant alleges that after it received the plaintiff's medical records on May 15, 2006, it learned that Forthmuller had first been treated after the accident at Sound Shore. Accordingly, on May 20, 2006, the defendant sent Sound Shore a verification request seeking its medical records pertaining to Forthmuller's treatment, including any blood alcohol serum toxicology test results. The defendant received Sound Shore's medical records on June 29, 2006 and on July 12, 2006 it denied the plaintiff's claim upon the ground that Forthmuller was driving while intoxicated at the time of the accident.

Prior to receiving the defendant's denial of the claim, the plaintiff commenced this action seeking, in its first cause of action, to recover payment for the medical services provided to Forthmuller, as well as statutory interest and an attorney's fee. The plaintiff thereafter moved for summary judgment on its first cause of action, contending that no-fault benefits were overdue because the defendant had failed to either pay or deny its claim within 30 days as required by Insurance Law § 5106 (a) and 11 NYCRR 65-3.2. The defendant cross-moved for summary judgment dismissing the first cause of action, arguing that the 30-day period in which to pay or deny the claim was not triggered until it received the Sound Shore records it had requested as verification. The defendant also relied upon laboratory results contained in an uncertified copy of Sound Shore's medical records as proof that Forthmuller was legally intoxicated at the time of the accident. The Supreme Court denied the plaintiff's motion for summary judgment, and conditionally granted the hospital's cross motion pending receipt of "a certified toxicology report from Sound Shore."

"When a denial of no-fault benefits rests on the statutory exclusion of intoxication pursuant to Insurance Law § 5103 (b) (2), the regulations promulgated thereunder trigger certain timing and notification requirements that extend the 30-day statutory period within which an insurer must pay or deny a claim"

(*Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 752 [2007]; *see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 279 [1997]). In this regard, 11 NYCRR 65-3.8 (g) provides that "if an insurer has reason to believe that the applicant was operating a motor vehicle while intoxicated or impaired by the use of a drug, and such intoxication or impairment was a contributing cause of the automobile accident, the insurer shall be entitled to all available information relating to the applicant's condition at the time of the accident." This provision also states that proof of a claim shall not be complete until the information which has been requested pursuant thereto has been furnished by the insurer. Furthermore, pursuant to 11 NYCRR 65-3.5 (c), "the insurer is entitled to receive all items necessary to verify the claim directly from the parties from whom such verification was requested."

Here, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on its first cause of action by submitting, inter alia, the requisite no-fault billing forms, a certified mail receipt referencing the patient, a signed return receipt card also referencing the patient, and the affidavit of its biller averring that the defendant failed to either pay the bill or issue a timely denial of claim form (*see Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750 [2007]; *Westchester Med. Ctr. v Safeco Ins. Co. of Am.*, 40 AD3d 984 [2007]; *New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co.*, 39 AD3d 832 [2007]; *New York & Presbyt. Hosp. v Travelers Prop. Cas. Ins. Co.*, 37 AD3d 683 [2007]). In opposition to the motion, however, the defendant raised a triable issue of fact as to whether it timely denied the claim by submitting evidence that a verification request seeking information regarding Forthmuller's alleged intoxication was timely and properly sent to Sound Shore (*see Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750 [2007]; *cf. Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274 [1997]).

In addition, the defendant also raised a triable issue of fact as to whether Forthmuller was intoxicated at the time of the accident and whether his intoxication caused the accident by submission of the Sound Shore laboratory results and a police accident report. Although the South Shore records were not in admissible form because they were not certified (*see* CPLR 4518 [c]; *see generally Abbas v Cole*, 7 AD3d 649 [2004]; *Jajoute v New York City Health & Hosps. Corp.*, 242 AD2d 674, 676 [1997]; *Dudek v Sinisi*, 199 AD2d 800, 801 [1993]; *cf. Rodriguez v Triborough Bridge & Tunnel Auth.*, 276 AD2d 769, 772 [2000]; *Cleary v City of New York*, 234 AD2d 411 [1996]; *Maxcy v County*

*of Putnam,* 178 AD2d 729, 730 [1991]; *LaDuke v State Farm Ins. Co.,* 158 AD2d 137, 138 [1990]; *Tinao v City of New York,* 112 AD2d 363 [1985]), under the circumstances of this case, the Supreme Court properly considered this evidence in conjunction with the police accident report describing the circumstances of the accident, in opposition to the plaintiff's motion (*see Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.,* 44 AD3d 750 [2007]; *see generally Phillips v Kantor & Co.,* 31 NY2d 307 [1972]). In addition, the police accident report describing the circumstances of the accident was properly considered to the extent that it was based upon the personal observations of the police officer present at the scene and who was under a business duty to make it (*see* CPLR 4518 [a]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.,* 44 AD3d 750 [2007]).

However, the Supreme Court should not have conditionally granted the defendant's cross motion pending receipt of a certified toxicology report from South Shore. A blood alcohol test result, as set forth in a certified hospital record, constitutes prima facie evidence of the test result pursuant to CPLR 4518 (c) (*see Rodriguez v Triborough Bridge & Tunnel Auth.,* 276 AD2d 769 [2000]; *Martin v City of New York,* 275 AD2d 351, 355 [2000]; *Cleary v City of New York,* 234 AD2d 411 [1996]; *Maxcy v County of Putnam,* 178 AD2d 729, 730 [1991]; *LaDuke v State Farm Ins. Co.,* 158 AD2d 137, 138 [1990]; *Tinao v City of New York,* 112 AD2d 363 [1985]). Thus, the blood alcohol test results contained in a certified hospital record from Sound Shore would be sufficient to make a prima facie showing that Forthmuller was intoxicated at the time of the accident (*see Rodriguez v Triborough Bridge & Tunnel Auth.,* 276 AD2d 769 [2000]). However, since the defendant also failed to make out a prima facie showing that Forthmuller's alleged intoxication was the proximate cause of the accident (*see Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.,* 44 AD3d 750, 753-754 [2007]; *Lynch v Progressive Ins. Co.,* 12 AD3d 570, 571 [2004]; *Scahall v Unigard Ins. Co.,* 222 AD2d 1070, 1071 [1995]; *Cernik v Sentry Ins.,* 131 AD2d 952, 953 [1987]), its cross motion should have been denied regardless of the sufficiency of the plaintiff's opposition papers (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Prudenti, J.P., Skelos, Fisher and Dillon, JJ., concur.