■ WESTCHESTER MEDICAL CENTER, as Assignee of JOSH LOGAN and EDWARD CARUSO, Respondent, v CLARENDON NATIONAL INSURANCE COMPANY, Appellant. [868 NYS2d 759]—

The plaintiff, as assignee of two insureds under policies issued by the defendant, commenced this action to recover no-fault medical payments. The plaintiff moved for summary judgment on the complaint, arguing that the defendant had failed to timely pay or deny the claim of either insured under the relevant no-fault regulations (*see* 11 NYCRR 65-1.1 *et seq.*). The defendant thereafter paid the claim of Edward Caruso (the subject of the second cause of action) and made partial payment on the claim of Josh Logan (the subject of the first cause of action). In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action regarding Logan's claim. We reverse the order insofar as appealed from.

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the first cause of action regarding Logan's claim with evidence that the claim was neither paid nor denied within 30 days of the defendant's receipt of the prescribed claim forms (*see Westchester Med. Ctr. v Progressive Cas. Ins. Co.,* 51 AD3d 1014 [2008]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.,* 44 AD3d 750 [2007]; 11 NYCRR 65-3.8 [a] [1], [c]). However, in opposition, the defendant raised a triable issue of fact as to whether it timely and properly denied the claim based on Logan's alleged intoxication at the time of the accident by issuance of a denial of coverage on that ground

within 30 days of the receipt of additional verification it requested concerning the claim (*see Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d 1014 [2008]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750 [2007]; 11 NYCRR 65-3.5; 11 NYCRR 65-3.8 [e], [g]). Thus, that branch of the plaintiff's motion which was for summary judgment on the first cause of action should have been denied.

The plaintiff's remaining contention is without merit. Ritter, J.P., Florio, Miller and Carni, JJ., concur.