■ WESTCHESTER MEDICAL CENTER, as Assignee of Glenda Jenkins, Appellant, v GOVERNMENT EMPLOYEES INSURANCE COM-PANY, Respondent. [909 NYS2d 112]—

In an action to recover no-fault medical payments under an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered December 17, 2009, which denied its motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.

In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law (*see Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d 1014, 1017 [2008]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 752 [2007]), the defendant failed to raise a triable issue of fact as to whether it properly denied the plaintiff's claim for no-fault benefits based on the alleged intoxication of the plaintiff's assignor at the time of the accident. Since the defendant failed to submit any evidence whatsoever from which the circumstances of the accident could be ascertained, the nature of the accident is unknown, and, thus, the defendant's evidence, while presenting a factual question as to whether the plaintiff's assignor was operating a vehicle in an intoxicated condition, was insufficient by itself to raise a triable issue of fact as to whether the plaintiff's assignor was "injured *as a result of* operating a motor vehicle while in an intoxicated condition" (Insurance Law § 5103 [b] [2] [emphasis added]; *see* 11 NYCRR 65-3.14 [b]; *cf. Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d at 1017; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d at 752; *Lynch v Progressive Ins. Co.*, 12 AD3d 570 [2004]; *Scahall v Unigard Ins. Co.*, 222 AD2d 1070 [1995]; *Cernik v Sentry Ins.*, 131 AD2d 952 [1987]; *McCarthy v Commercial Union Ins. Co.*, 194 Misc 2d 295, 297 [2002]). Accordingly, while, under the circumstances of this case, there is no merit to the plaintiff's remaining contentions concerning the facial sufficiency of the form used to deny the claim and the Supreme Court's consideration of certain uncertified medical records (*see Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d at 1017; *Westchester Med. Ctr. v Allstate Ins. Co.*, 45 AD3d 579, 580 [2007]), its motion for summary judgment should nonetheless have been granted. Skelos, J.P., Santucci, Dickerson and Leventhal, JJ., concur.