OPINION OF THE COURT
Daniel Palmieri, J.
This motion by the plaintiff for summary judgment is denied, with leave to renew upon the completion of discovery. The cross motion by the defendant for a stay of trial pending the outcome of criminal proceedings against the plaintiffs assignor and for a preliminary conference to schedule dates for discovery, or, in the alternative, granting defendant summary judgment on the ground that it made a timely denial, is granted to the limited extent that a preliminary conference shall be had at the date and time indicated herein. Defendant is also granted leave to renew its motion for summary judgment upon the completion of discovery. The cross motion is otherwise denied.
In this action for first-party no-fault benefits, the court finds that the plaintiff has presented prima facie proof that it timely rendered a bill to the defendant insurance company on the proper no-fault form, and that the defendant failed either to pay or issue a denial of the claim within the prescribed 30-day time period. (Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1].)
In response, however, the defendant has shown that within 30 days of receipt it issued a request for verification, in this case a request for laboratory tests and/or X-ray results, and for an acceptable assignment form. The request for verification therefore tolled the 30-day period to pay or deny the claim until the records were received. (11 NYCRR 65-3.5 [a], [b]; 65-3.8; see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568 [2d Dept 2004].)
There is no dispute that the records were provided. The defendant thereafter timely issued a denial on the ground that the plaintiffs assignor was intoxicated at the time of the accident, which may constitute a ground for denial pursuant to Insurance Law § 5103 (b) (2) or (3) (if a felony), and under defendant’s policy. The plaintiff contends that because there is no proof of intoxication presented, and, relatedly, no proof that the injury-causing accident was the result of such intoxication, the defense *499 is without merit. It relies primarily on a recent Appellate Division, Second Department, case, Westchester Med. Ctr. v Government Empls. Ins. Co. (77 AD3d 737 [2d Dept 2010]). However, in the present matter the defendant has asked for a stay of the trial pending discovery on this issue. Plaintiff’s response has been that under summary judgment jurisprudence the motion opponent must lay bare its proof, and proof is absent.
The court finds that there is a basis for applying CPLR 3212 (f). This subdivision provides that if it appears from affidavits submitted in opposition that facts essential to justify opposition may exist but cannot then be stated, a court may deny the motion, order a continuance to permit needed disclosure to be undertaken, or “make such other order as may be just.” (CPLR 3212 [f].)
A party who raises a defense that has not yet been fully developed, but appears to exist, must be able to make some showing that such facts do in fact exist for CPLR 3212 (f) to apply; mere hope that discovery may reveal those facts is insufficient. (Companion Life Ins. Co. of N.Y. v All State Abstract Corp., 35 AD3d 519 [2d Dept 2006].) Nor can mere speculation serve to defeat the motion. (Pluhar v Town of Southampton, 29 AD3d 975 [2d Dept 2006]; Ciccone v Bedford Cent. School Dist., 21 AD3d 437 [2d Dept 2005].) However, denial of the motion on the ground that necessary disclosure is lacking is appropriate if there is some basis in the record for finding that evidence sufficient to defeat the motion may exist, especially where the facts appear to lie within the knowledge of the opposing party and discovery is in its early stages. (See Adler v City of New York, 52 AD3d 549 [2d Dept 2008]; Baron v Incorporated Vil. of Freeport, 143 AD2d 792 [2d Dept 1988].)
The court finds that this is the case here. There is no direct proof of intoxication submitted, or that such intoxication caused the accident. However, the defendant presents the affidavit of the office manager of defendant’s law firm, Christopher Roselli, who states that the police report revealed that plaintiffs assignor, Luis Vargas, was arrested at the accident scene on charges of driving while intoxicated. He further states that he spoke to Orange County Assistant District Attorney Steven Goldberg, who informed him that Vargas was indicted on 34 charges, including two counts of driving while intoxicated. A formal request for a copy of the indictment was made, and the results of that request, a copy of the indictment, is annexed to defendant’s reply papers. Among other things, the indictment *500 contains not only a charge of driving while intoxicated, but also of vehicular manslaughter in the first degree, as a passenger in Vargas’s vehicle was ejected and killed as a result of his operation of the vehicle while under the influence of alcohol. Other felony counts are based on injuries to other passengers. Thus, in addition to allegedly driving while intoxicated, his operation of the vehicle may have resulted in his having been injured while committing a felony.
While the foregoing clearly is in part hearsay, the indictment does verify the key information referred to by Roselli. For purposes of plaintiff’s motion, it is sufficient for the court to find that evidence sufficient to defeat the motion may exist, and that disclosure should be permitted. (See Westchester Med. Ctr. v Progressive Cas. Ins. Co., 51 AD3d 1014 [2d Dept 2008].) This is especially so where information regarding the alleged intoxication, and its role in causing the injury-producing accident, lies in part within the knowledge of plaintiffs assignor, and this action is in its early stages. The court understands that Vargas may not be available for a deposition, or may choose to invoke his Fifth Amendment rights, which will of necessity slow discovery here. Further, the criminal case also appears to be in its early stages. However, possible difficulties in moving the present civil case forward is not a reason to prejudice the defendant’s ability to defend itself given the factors described in this decision.
The record here also distinguishes this matter from Westchester Med. Ctr. v Government Empls. Ins. Co. (77 AD3d 737, 738 [2010], supra) as in that case
“the defendant failed to submit any evidence whatsoever from which the circumstances of the accident could be ascertained, the nature of the accident is unknown, and, thus, the defendant’s evidence . . . was insufficient by itself to raise a triable issue of fact as to whether the plaintiff’s assignor was ‘injured as a result of operating a motor vehicle while in an intoxicated condition.’ ”
Here, the nature of the accident is known, and there is some evidence that discovery may reveal that plaintiffs assignor was injured as a result of operating a vehicle while in an intoxicated condition.
Accordingly, the plaintiffs motion is denied pursuant to CPLR 3212 (f), but may be renewed upon the completion of discovery. Counsel are directed to appear for a preliminary conference in *501 the basement of the courthouse on January 24, 2011, at 9:30 a.m. Failure to appear for such conference or upon an adjourned date may result in the imposition of sanctions pursuant to 22 NYCRR 202.27.
No stay of trial is being issued, as such a request by the defendant is premature. Further, the alternative relief of summary judgment the defendant seeks is also denied. This determination is made based upon the same reason summary judgment is denied to the plaintiff, i.e., the need for disclosure— the absence of which prevents the defendant from establishing a prima facie showing that plaintiff’s assignor was, in fact, intoxicated, and the cause of his injuries. However, defendant is also granted leave to renew its application for summary judgment on the completion of discovery.