In an action to recover no-fault benefits under a policy of automobile insurance, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated July 10, 2012, as denied its motion for summary judgment on the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
Generally, a party opposing a motion for summary judgment need only “raise a triable issue of fact with respect to the . . . theory . . . that is the subject of the moving party’s prima facie showing” (Stukas v Streiter, 83 AD3d 18, 24 [2011]). Here, in light of the limited basis of the plaintiff’s motion for summary judgment on the complaint, which was premised solely on the defendant’s alleged failure to timely pay or deny the no-fault claim within 30 days of receipt of proof of the claim (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; [c]), “the defendant’s only burden in opposition . . . was to raise a triable issue of fact regarding its timely . . . denial of the [plaintiffs] claim” (Lenox Hill Hosp. v Government Empls. Ins. Co., 89 AD3d 905, 905 [2011]; see Viviane Etienne Med. Care, P.C., v Country-Wide Ins. Co., 114 AD3d 33 [2013]; Westchester Med. Ctr. v Progressive Cas. Ins. Co., 89 AD3d 1081, 1082-1083 [2011]). In opposition to the plaintiff’s prima facie showing of entitlement to judgment as a matter of law, the defendant satisfied its burden by raising a triable issue of fact as to whether it did in fact mail a proper NF-10 denial of claim form to the plaintiff only 22 days after its receipt of the claim verification that it had previously requested (see Wyckoff Hgts. Med. Ctr. v Government Empls. Ins. Co., 114 AD3d 855 [2014]; Westchester Med. Ctr. v Lancer Ins. Co., 94 AD3d 984 [2012]; Westchester Med. Ctr. v Clarendon Natl. Ins. Co., 57 AD3d 659 [2008]).
We do not reach the parties’ remaining contentions regarding the merits of the defendant’s cross motion, since the defendant has not appealed from so much of the order as denied its cross motion. Mastro, J.E, Hall, Lott and Sgroi, JJ., concur.