■ WESTCHESTER MEDICAL CENTER, as Assignee of Steven Valuch, Appellant, v MAPFRE INSURANCE COMPANY OF NEW YORK, Respondent. [989 NYS2d 319]—

In an action to recover no-fault medical payments under an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered October 2, 2013, which denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the complaint, in which the plaintiff sought to recover no-fault medical payments from the defendant, by tendering proof that the claim was neither paid nor denied within 30 days of the defendant's receipt of the prescribed claim forms (*see Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d 1014, 1017 [2008]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 752 [2007]). However, in opposition, the defendant raised a triable issue of fact as to whether it timely and properly denied the claim based on the alleged intoxication of the plaintiff's assignor at the time of the accident by the issuance of a denial within 30 days of the receipt of additional verification it requested concerning the claim (*see Westchester Med. Ctr. v Clarendon Natl. Ins. Co.*, 57 AD3d 659, 660 [2008]; *Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d at 1017). Although, as the defendant acknowledges, some of the evidence it submitted was not in admissible form, it proffered an "acceptable excuse for [its] failure to meet the strict requirement of tender in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see Merriman v Integrated Bldg. Controls, Inc.*, 84 AD3d 897, 899 [2011]; *cf. Oddo v Edo Mar. Air*, 34 AD3d 774, 775 [2006]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint. Mastro, J.P., Chambers, Lott and Roman, JJ., concur.